IN THE UNITED STATES DISTRICT COURT FILED
FOR THE DISTRICT OF NEW MEXICO
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MICHAEL CASILLAS, et al.,

APR 26 2004

Plaintiffs,

v.                              No. CIV-02-1190 BB/ACLERK

GARY JOHNSON, et al.,

Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs' and Defendants'[1] responses to the order (Doc. #19) that required Plaintiffs to show cause why their complaint[2] should not be dismissed for failure to exhaust administrative remedies. As a result of the resolution herein of the exhaustion issue, Defendants' initial motion to dismiss (Doc. #5) will be reinstated on the docket and ruled upon. Also before the Court is the State Defendants' later motion to dismiss (Doc. #27) for violations of certain orders. For the reasons below, Plaintiffs' complaint will be dismissed.

The complaint alleges that, after a disturbance at a detention facility operated by Wackenhut Corporation in Guadalupe County, New Mexico, Plaintiffs were transferred to the maximum-security Wallens Ridge State Prison in Virginia. Plaintiffs assert a number of claims arising from Defendants' actions before, during, and after the transfer. In Count 1, Plaintiffs allege they were transferred even though they did not participate in the disturbance, they were given no prior notice or explanation for the transfer, and they had not been re-classified to maximum security. They assert their transfers thus

---

[1] Except as otherwise noted below, "Defendants" are the "State" Defendants who have appeared and responded to the complaint.

[2] In November 2003, Plaintiffs filed an amended complaint that was later struck for violation of Fed. R. Civ. P. 15 and a prior order of the Court. See Doc. #30.



violated federal and state constitutional rights of due process and equal protection. Plaintiffs also claim the harsh conditions during and after transfer violated constitutional protections against cruel and unusual punishment. In Count 2, Plaintiffs claim Defendants' actions violated New Mexico constitutional protections. Count 3 asserts that Plaintiffs' transfer and related conditions of confinement violated an Interstate Compact. Count 4 claims that Defendants acted wantonly, deliberately, and maliciously, entitling Plaintiffs to punitive damages. All Defendants are named in their individual and official capacities. Plaintiffs seek damages and prospective equitable relief.

In their first motion to dismiss, Defendants contend, inter alia, that Plaintiffs' allegations fail to state claims upon which relief can be granted and that Defendants are immune from state law claims. Defendants also assert qualified immunity to Plaintiffs' federal claims. Defendants argue that under 28 U.S.C. § 1367(c) the Court should not exercise jurisdiction of Plaintiffs' state constitutional claims. Plaintiffs have not responded to the motion to dismiss.

## I. Parties

The file contains no indication that Defendants Angelone and Young were served with process. Neither of these Defendants has appeared, and Plaintiffs have not sought entry of default against them. The Court will dismiss the complaint as to these Defendants under Fed.R.Civ.P. 4(m), or, alternatively, under Fed.R.Civ.P. 41(b). After a full consideration of the factors in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992), this dismissal will be with prejudice.

As noted in an earlier order (Doc. #21), Plaintiffs do not allege that they exhausted administrative remedies before filing their complaint. Their response to the second order to show cause indicates that certain Plaintiffs were not in custody at the time the complaint was filed. Defendants then responded, stating that Plaintiffs Casillas, Chavez, Cordova, Dutchover, Lucero,

2

Padilla, Ramirez, Torres, and Valdez were incarcerated at the time the complaint was filed. Because the exhaustion requirement is mandatory for incarcerated Plaintiffs, *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1167 n.5 (10th Cir. 2003), the claims of Plaintiffs Casillas, Chavez, Cordova, Dutchover, Lucero, Padilla, Ramirez, Torres, and Valdez will be dismissed without prejudice for failure to exhaust administrative remedies. As to the remaining Plaintiff Romo, Defendants' motion to dismiss will be reinstated on the docket and adjudicated.

## II. Federal Claims

The motion to dismiss (Doc. #5) seeks dismissal of all of Plaintiff's claims. "A district court should not dismiss a complaint pursuant to Rule 12(b)(6) unless it appears beyond doubt that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief. 'A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff.' " *Riddle v. Mondragon*, 83 F.3d 1197, 1201-02 (10th Cir. 1996) (internal citations omitted). The allegations in Plaintiff's complaint are reviewed under these standards.

Defendants correctly argue that Plaintiff's allegations regarding his placement, transfer, and administrative segregation fail to state a claim for violation of their due process rights. As a matter of procedural due process, "state and federal prisoners generally enjoy no constitutional right to placement in any particular penal institution." *Prows v. Federal Bureau of Prisons*, 981 F.2d 466, 468 n.3 (10th Cir. 1992). Absent some prohibited reason for the transfer, such as discrimination or retaliation for the exercise of a constitutional right, the transfer itself cannot be challenged. *See id.*; *Frazier v. Dubois*, 922 F.2d 560, 561-62 (10th Cir. 1990); *see also Meachum v. Fano*, 427 U.S. 215, 225 (1976). Furthermore, the complaint does not support a substantive due process claim. *See*

3

*Sandin v. Conner*, 515 U.S. 472, 486 (1995) (no substantive violation where solitary conditions "mirrored those conditions . . . in administrative segregation"). Plaintiff's due process claims will be dismissed.

Defendants contend that Plaintiff's allegations of mistreatment do not support an Eighth Amendment claim for cruel or unusual punishment. Plaintiff did not file a response to this motion, and this failure to respond "constitutes consent to grant the motion." D.N.M.LR-Civ 7.5(b). Furthermore, upon review of Plaintiff's allegations, it is clear that the alleged conduct of Defendants did not amount to Eighth Amendment violations. Except for the transfer itself, the alleged abuses did not occur until Plaintiff was under the control of Virginia officials. Plaintiff's Eighth Amendment claim will be dismissed.

Defendants also contend, correctly, that Plaintiff's allegations do not support an equal protection claim. "[Plaintiff] is not a member of a suspect class nor did [his transfer amount to] the deprivation of a fundamental right." *May v. Oklahoma Dep't of Corrections*, No. 99-6267, 2000 WL 633244, at **4 (10th Cir. May 17, 2000). Plaintiff's equal protection claims will be dismissed.

### III. State Law Claims and Punitive Damages

Defendants seek dismissal of Plaintiff's claims in Count 2 for violations of state constitutional protections. These State Defendants are immune to such claims under the New Mexico Tort Claims Act (the "Act"), N.M. Stat. Ann. §§ 41-4-4 through -29 (Michie Repl. Pamp. 1996 and Cum. Supp. 2002), which provides, with certain enumerated exceptions, immunity to tort liability for state entities and employees. *See* §§ 41-4-4 through -12. This immunity includes claims of constitutional violations, *Chavez v. City of Albuquerque*, 952 P.2d 474, 477 (N.M. Ct. App. 1997), and thus the question is whether waivers of immunity in the Act include the named State Defendants

or the alleged conduct. *See, e.g., Archibeque v. Moya*, 866 P.2d 344, 346 (N.M. 1993). First, it is settled that the named Defendants are not law enforcement officers for purposes of the Act, *Anchondo v. Corr. Dep't*, 666 P.2d 1255, 1258 (N.M. 1983); *Wittkowski v. State*, 710 P.2d 93, 96 (N.M. Ct. App. 1985), *overruled on other grounds, Silva v. State*, 745 P.2d 380 (N.M. 1987), and thus immunity is not waived for the New Mexico Defendants under § 41-4-12. And second, the actions complained of by Plaintiff is not in a category of conduct for which immunity is waived. *See* §§ 41-4-6, -9; *Archibeque*, 866 P.2d at 348-49 (administrators do not "operate" or "maintain" prison facilities for purposes of the Act). Defendants' motion to dismiss state constitutional claims in Counts 1, 2, and 3 will be granted.

Furthermore, according to *Clark v. New Mexico Dep't of Corr.*, No. 02-2042, 2003 WL 133458, at **2 (10th Cir. Jan 17, 2003), Plaintiff's claim in Count 3 under the Interstate Corrections Compact, § 31-5-17, may only be brought against state officials in state court. This claim will be dismissed.

Defendants also seek dismissal of Plaintiff's claim for punitive damages. In view of the dismissal of all substantive claims, Plaintiff's claims for punitive damages will be dismissed. Furthermore, Plaintiff's claims for punitive damages under the New Mexico Tort Claims Act, N.M. Stat. Ann. §§ 41-4-1 to -29 (Michie 1996 and Cum. Supp. 2001), are precluded in the statute. § 41-4-19(B); *Folz v. State*, 797 P.2d 246, 257 (N.M. 1990). These claims will be dismissed with prejudice. *See Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1215 (10th Cir. 2003) (Hartz, J., concurring) ("dismissal with prejudice . . . might not preclude the plaintiff from proceeding in state court").

### IV. Sanctions

On January 2, 2003, the Court entered an Order to Show Cause directing attorney Paul Livingston, counsel for Plaintiffs, to appear on January 30, 2003, to show cause why this case should not be dismissed for failure to respond to motions filed by State Defendants. (Doc. 11). The Court entertained briefs and heard oral argument with respect to the Order to Show Cause. At the oral argument, the Court found that Mr. Livingston had "wilfully and in bad faith repeatedly failed to follow the Rules of Professional Conduct and the Lawyer's Creed of Professionalism as adopted by D.N.M.LR-Civ.83.9." (Doc. 14). The Court stated that it "[would] therefore condition the filing of any further pleadings in these cases upon the payment of reasonable attorney's fees to compensate defense counsel for unnecessary proceedings." (Doc. 14). The Court then requested the State Defendants to submit an appropriate bill for costs and fees.

After reviewing Defendants' submission and Plaintiffs' response, the Court awarded the State Defendants $4,207.85 in each of the cases then pending. (Doc. 18). Those amounts remain unpaid and will be included in a judgment as an award against Plaintiffs' counsel, Mr. Livingston. Furthermore, Mr. Livingston has failed to pay the costs and fees assessed (*see* Becker affidavit), continued to violate the Court's Order of February 7, 2003, and repeatedly failed to abide by the deadlines and other rules of this Court.[3] Failure to pay such fines may result in further restrictions on Mr. Livingston's practice of law in this Court. *See In re Smith*, 10 F.3d 723, 724 (10th Cir. 1993); *Keener v. Dep't of the Army*, 136 F.R.D. 140, 151 (M.D. Tenn. 1991), *aff'd*, 956 F.2d 269 (6th Cir. 1992); *Matthews v. Freedman*, 128 F.R.D. 194, 204 (E.D. Pa. 1989), *aff'd*, 919 F.2d 135 (3d Cir. 1990).

---

[3] *See, e.g., Garcia v. City of Albuquerque*, No. CV-96-1459 MV/LCS (Order Nov. 7, 2003); *Vesco v. Snedecker*, No. CV-00-1805 WJ/LCS (Orders July 15, 2002 and Nov. 21, 2003); *Chavez v. Propp*, No. CV-96-1656 SC/JHG (Order June 16, 1999).

IT IS THEREFORE ORDERED that the second order to show cause (Doc. #19) is SUSTAINED in part and QUASHED in part; the claims of Plaintiffs Casillas, Chavez, Cordova, Dutchover, Lucero, Padilla, Ramirez, Torres, and Valdez are DISMISSED without prejudice for failure to exhaust administrative remedies; and these Plaintiffs are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that remaining Plaintiff Romo's claims against Defendants Angelone and Young are DISMISSED with prejudice under Fed.R.Civ.P. 4(m), or, alternatively, under Fed.R.Civ.P. 41(b);

IT IS FURTHER ORDERED that Defendants' motion to dismiss (Doc. #5) is GRANTED, and Plaintiff's complaint is DISMISSED with prejudice;

IT IS FURTHER ORDERED that Defendants' motion to dismiss (Doc. #27) is GRANTED in part and DENIED in part; attorney Paul Livingston is required to pay $4,207.85 to Defendants Johnson, Perry, Serna, Tafoya, Shanks, and Bustos to reimburse them for unnecessary costs and fees;

IT IS FINALLY ORDERED that all other pending motions are DENIED as moot; and, pursuant to Fed.R.Civ.P. 58(a)(2)(A)(iii), judgment will enter in accordance with this opinion.

UNITED STATES DISTRICT JUDGE